## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| HANS WYDLER<br>5336 Falmouth Road<br>Bethesda, MD 20816<br><br>             Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION<br>d/b/a AMTRAK<br>60 Massachusetts Avenue, NE<br>Washington, DC 20002<br><br>    **Serve:**<br>    John Carten<br>    60 Massachusetts Avenue, NE<br>    Washington, DC 20002<br><br>             Defendant. | Case No.: 1:16-cv-1897 |

## COMPLAINT

(Negligence and Punitive Damages)

## INTRODUCTION

1.      This a civil action seeking damages against Defendant for acts of negligence and gross negligence under common law.

## JURISDICTION

2.      Jurisdiction exists in this case pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds $75,000 and there is diversity of citizenship.

3.      Venue of this Court is proper under 28 U.S.C. § 1391(b) and (c) as Defendant is a resident corporation of the District of Columbia.

## PARTIES

4.      Plaintiff Hans Wydler is a resident of the State of Maryland and resides at the above-captioned address.

5.      Defendant National Railroad Passenger Corporation d/b/a Amtrak is a corporation whose principal place of business is located in the District of Columbia at the above-captioned address.

## STATEMENT OF FACTS

6.      On or about May 12, 2015, Plaintiff was a passenger aboard Amtrak Northeast Regional Train 188, which was, at all material times, owned, operated, maintained, and controlled by Defendant.

7.      At all material times, Amtrak Train 188 was operated by Brandon Bostian.

8.      At all material times, Brandon Bostian was an employee and/or agent of Defendant.

9.      At all material times, Brandon Bostian was acting within the scope of his employment and/or agency for Defendant.

10.      At all material times, Defendant gave Brandon Bostian permission and/or authority, either express or implied, to operate Amtrak Train 188.

11.      At approximately 9:00 p.m. on or about May 12, 2015, Amtrak Train 188 departed the Philadelphia, PA station en route to New York City.

12.      In its approach to the Frankford Junction in Philadelphia, PA, Amtrak Train 188 was traveling approximately 106 miles per hour.

13.      Given that the track at the Frankford Junction curves sharply, the speed restriction

for that section of the track is 50 miles per hour.

14.     As a result of the train's excessive speed, all seven passenger cars of Amtrak

Train 188 derailed, including one that overturned completely, and the locomotive engine

detached from the first passenger car.

15.     Over 200 passengers were injured, including eight who died.

16.     Prior to the derailment, signals alerted or should have alerted the train operator as

to the dangerous nature of the upcoming curve and warned or should have warned him to

reduce the speed of the train to an appropriate level.

17.     At all material times, Defendant knowingly failed to equip Amtrak Train 188 with

a Positive Train Control system (hereinafter, "PTC").

18.     In 2008, Congress enacted the Rail Safety Improvement Act of 2008, which

required passenger railroads to install PTC systems by the end of 2015.

19.     Among other purposes, PTC systems are designed to prevent train collisions and

derailments due to excessive speed.

20.     PTC systems provide real-time information to train crews about upcoming

necessary speed reductions and safe braking distances for reduced speed areas, and

display such information on monitors in the locomotive car.

21.     PTC systems are designed to stop the train safely should the train operator fail to

heed the reduced speed warnings.

22.     Defendant also uses an automatic train control system and/or advanced civil speed

enforcement system in order to slow trains traveling at excessive and unsafe speeds.

23.     At all material times, Defendant used an automatic train control system and/or

advanced civil speed enforcement system for southbound trains in or near the Frankford

Junction, but failed to do so for northbound trains, such as Amtrak Train 188.

24.     The computer alert system onboard Amtrak Train 188 failed to adequately alert

the train operator of the need to reduce the train's speed.

25.     The train control system was defective in that it allowed the train operator to

ignore and/or bypass the alarms.

26.     The train operator ignored and/or bypassed the alarms.

27.     The train control system failed to adequately slow down or stop Amtrak Train

188.

28.     Defendant, through its President and CEO, that it is responsible for this

derailment.

29.     The derailment was due to the violations of law, negligence, gross negligence,

willful disregard for the rights of Plaintiff, and outrageous and reckless conduct of

Defendant.  Defendant's violations of law, negligence, gross negligence, willful disregard

for the rights of Plaintiff, and outrageous and reckless conduct include, but are not limited

to, the following:

     a.   Failing to operate the train at a safe and reasonable speed;

     b.   Failing to reduce the train to a safe and reasonable speed at a known
        dangerous track area;

     c.   Failing to properly hire and train the train operator, engineer, and crew;

     d.   Failing to ensure that the train and railroad tracks in question were
        equipped with a functional PTC system and/or other speed reducing safety
        systems;

     e.   Failing to properly inspect, maintain, and repair the train, railroad tracks,

and train control systems in question;

f.  Failing to properly install trackside speed limit signs or other warning signs about the dangerous curve at or near the tracks at issue;

g.  Failing to comply with Defendant's safety, operating, and other rules, procedures, and regulations;

h.  Failing to use shatterproof glass for the windows of its train; and

i.  Failing to comply with governmental statutes, regulations, and requirements with regard to the train and train system at issue.

30.     As a direct and proximate result of the derailment, Plaintiff suffered bodily injuries which have caused, and will continue to cause, physical and mental pain and suffering for the rest of his life.  Plaintiff has incurred, and will continue to incur, lost wages as well as medical and related expenses, including loss and damage of his property.

31.     Plaintiff has complied with all conditions precedent to the filing of this Complaint.

## COUNT I – NEGLIGENCE

32.     Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

33.     At all times material to this Complaint, Defendant had the duty to ensure the safety of its passengers, which included, but was not limited to, the following:

a.  Operating the train at a safe and reasonable speed;

b.  Reducing the train to a safe and reasonable speed at a known dangerous track area;

c.  Properly hiring and training the train operator, engineer, and crew;

d.  Ensuring that the train and railroad tracks in question were equipped with a functional PTC system and/or other speed reducing safety systems;

    e.   Properly inspecting, maintaining, and repairing the train, railroad tracks, and train control systems in question;

    f.   Properly installing trackside speed limit signs or other warning signs about the dangerous curve at or near the tracks at issue;

    g.   Complying with Defendant's safety, operating, and other rules, procedures, and regulations;

    h.   Using shatterproof glass for the windows of its train; and

    i.   Complying with governmental statutes, regulations, and requirements with regard to the train and train system at issue.

34.    In violation of this duty, Defendant caused the train derailment as set forth herein.

35.    As a direct and proximate result of Defendant's negligence and gross negligence, Plaintiff was injured as described above.

36.    The injury alleged herein occurred solely as a proximate result of Defendant's negligence without any contributory negligence on the part of Plaintiff.

## COUNT II – PUNITIVE DAMAGES

37.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

38.    Immediately preceding the derailment, Defendant operated Amtrak Train 188 at over 100 miles per hour, more than twice the allowed speed at the track area in question.

39.    Defendant ignored the safety and design recommendations of the National Transportation Safety Board (NTSB) regarding the use and implementation of PTC systems.

40.    Defendant knew that the dangerous track condition combined with the lack of

PTC systems on its trains and/or railroad tracks posed a substantially high risk of serious bodily injury to its passengers.

41.    Defendant failed to heed the NTSB's recommendations in an effort to save money, placing profit ahead of passenger safety.

42.    Defendant's conduct was outrageous, reckless, and in willful disregard for the rights of Plaintiff, and therefore rises to the level to merit punitive damages.

*          *          *

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount to be determined at trial, but believed to be no more than three million dollars ($3,000,000.00) in compensatory and three million dollars ($3,000,000.00) in punitive damages, plus costs of suit, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

Dated:  September 23, 2016                              RESPECTFULLY SUBMITTED,


                                                        /s/ Craig D. Miller
                                                        _____
                                                        Craig D. Miller, #459784
                                                        SIMEONE & MILLER, LLP
                                                        1130 Connecticut Avenue, N.W.
                                                        Suite 350
                                                        Washington, D.C. 20036
                                                        (202) 628-3050
                                                        Fax: (202) 446-1833
                                                        cmiller@simeonemiller.com
                                                        *Counsel for Plaintiff*

7

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues in this matter.


Dated: September 23, 2016                              RESPECTFULLY SUBMITTED,


                                                       **/s/ Craig D. Miller**
                                                       _____
                                                       Craig D. Miller, #459784
                                                       SIMEONE & MILLER, LLP
                                                       1130 Connecticut Avenue, N.W.
                                                       Suite 350
                                                       Washington, D.C. 20036
                                                       (202) 628-3050
                                                       Fax: (202) 446-1833
                                                       cmiller@simeonemiller.com
                                                       *Counsel for Plaintiff*